**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TWIN SECURITIES, INC., TWIN MASTER FUND, LTD., TWIN OPPORTUNITIES FUND, LP, P TWIN LTD., and HFR ED TWIN SECURITIES MASTER TRUST,<br><br>          Plaintiffs,<br><br>          v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC. (n/k/a VEREIT, INC.), ARC PROPERTIES OPERATING PARTNERSHIP L.P. (n/k/a VEREIT OPERATING PARTNERSHIP, L.P.), AR CAPITAL LLC, RCS CAPITAL, LLC (n/k/a RCAP HOLDINGS, LLC), NICHOLAS S. SCHORSCH, DAVID S. KAY, BRIAN S. BLOCK, LISA P. MCALISTER, LISA BEESON, EDWARD M. WEIL, PETER M. BUDKO, BRIAN D. JONES, WILLIAM M. KAHANE, LESLIE D. MICHELSON, WILLIAM G. STANLEY, EDWARD G. RENDELL, SCOTT J. BOWMAN, THOMAS A. ANDRUSKEVICH, SCOTT P. SEALY, SR., and GRANT THORNTON LLP,<br><br>          Defendants. | Civil Action No. 1:15-cv-01291-AKH |

**DEFENDANT GRANT THORNTON LLP'S**
**<u>ANSWER TO THE SECOND AMENDED COMPLAINT</u>**

Defendant Grant Thornton ("GT"), by its undersigned counsel, hereby answers Plaintiffs' Section Amended Complaint (the "SAC") as to itself based on its present knowledge and asserts the following defenses.  GT reserves the right to supplement and amend this Answer and reserves the right to add additional defenses of which it becomes aware through discovery or other investigation.  All allegations not specifically admitted are denied.  To the extent that headings and the introduction in the SAC are not included in numbered paragraphs, no response is required.  To the extent a response is required, GT denies the allegations in the headings and introduction.  With respect to the numbered paragraphs in the SAC, GT answers as follows:

1.      GT admits the allegations in Paragraph 1.

2.      Plaintiffs do not assert any state law claims against GT, and GT therefore is not required to answer Paragraph 2.  To the extent an answer is required, GT admits that Plaintiffs purport to bring state law claims against other Defendants, and that the Court has supplemental jurisdiction over the state law claims asserted pursuant to 28 U.S.C. § 1367(a).

3.      GT admits that venue is proper in this District pursuant to Section 27 of the Exchange Act, and 28 U.S.C. § 1391.  GT denies that it disseminated false and misleading statements and information, and no response is required as to the allegations asserted against other defendants.  To the extent any further answer is required, GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 3.

4.      GT denies the allegations of Paragraph 4 asserted against GT, and no response is required as to the allegations asserted against other defendants.  To the extent any further answer is required, GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 4.

1

5.      GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 5.

6.      GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6.

7.      GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7.

8.      GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8.

9.      GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9.

10.     GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10.

11.     GT admits that Plaintiffs purport to bring the instant claims for and on behalf of themselves and for and on behalf of their managed funds and accounts which purchased or acquired shares of American Realty Capital Properties, Inc.  ("ARCP") common stock during the period of February 28, 2013 through October 29, 2014.  GT lacks sufficient knowledge or information to form a belief as to whether Plaintiffs purchased or acquired American Realty common stock (i) on the open market; (ii) pursuant or traceable to the Shelf Registration Statement and other Offering Materials related to the May 21, 2014 Stock Offering; and (iii) in exchange for shares of common stock of Cole Real Estate Investments, Inc. ("Cole, Inc.") pursuant to the terms of the Cole Merger Agreement.  GT denies the remaining allegations in Paragraph 11.

12.     GT admits that ARCP was at certain times a corporation organized under the laws of the State of Maryland.  GT admits that shares of ARCP were, at certain times, listed on the NASDAQ under the symbol "ARCP," and that ARCP changed its name to VEREIT, Inc. in July 2015.  GT admits that on February 28, 2013, American Realty common stock was transferred to the NASDAQ Global Select Market.  GT denies knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 12.

13.     GT admits that ARC Properties Operating Partnership L.P. ("ARC Properties") is a subsidiary and the operating partnership of ARCP.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 13.

14.     GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14.

15.     GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15.

16.     GT admits that Defendants American Realty, ARC Properties, AR Capital, and RCS Capital are collectively referred to in the Second Amended Complaint as the "American Realty Corporate Defendants."  GT denies any remaining allegations of Paragraph 16.

17.     GT admits that Defendant Schorsch is the founder and was at certain times the CEO and Chairman of the Board of Directors of ARCP. GT admits that Schorsch signed Forms 10-K and Forms 10-Q that ARCP filed with the Securities and Exchange Commission during the period February 28, 2013 through October 29, 2014, which is referred to in the Second Amended Complaint as the "Relevant Period."  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 17, including footnote 1.

18.     GT admits that Defendant Block served at certain times as ARCP's CFO, Executive Vice President, Treasurer, and Secretary.  GT admits that Block signed certain of ARCP's SEC filings, including its First Quarter 2013 Form 10-Q, Second Quarter 2013 Form 10-Q, Third Quarter 2013 Form 10-Q, 2013 Form 10-K, First Quarter 2014 Form 10-Q, and Second Quarter 2014 Form 10-Q.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 18.

19.     GT admits that Defendant Kay served at certain times as ARCP's President and as a member of its Board of Directors.  GT admits that Kay signed ARCP's 2013 Form 10-K.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 19.

20.     GT admits that Defendant McAlister served at certain times as ARCP's Senior Vice President and CAO.  GT admits that McAlister signed ARCP's 2013 Form 10-K, Form 10-Q for the second quarter of 2014, and registration statement for the September 2014 Senior Notes.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 20.

21.     GT admits that Defendant Beeson served at certain times as ARCP's COO.  GT admits that Beeson signed ARCP's Form 10-K for 2013 as well as the the Form S-4/A ARCP filed on December 3, 2013, and the Form S-4 ARCP filed on December 20, 2013.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 21.

22.     GT admits that Defendant Weil served at certain times as ARCP's President, Treasurer, and Secretary and as a member of ARCP's Board of Directors.  GT admits that Weil signed ARCP's 2011 and 2012 Forms 10-K; ARCP's 2012 and 2013 Shelf Registration

Statements used for the July 2013 Offering, the December 2013 Offerings and the May 2014 Offering; the ARCT IV and the Cole Merger Registration Statements.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 22.

23.     GT admits that Defendant Budko served at certain times as ARCP's Executive Vice President and Chief Investment Officer.  GT admits that Budko signed the Registration Statements for the ARCT IV and Cole Mergers.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 23.

24.     GT admits that Defendant Jones served at certain times as ARCP's COO.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 24.

25.     GT admits that Defendants Weil, Budko and Jones are collectively referred to in the Second Amended Complaint as the "American Realty Management Defendants" or "Management Defendants."  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 25.

26.     GT admits that Defendant Kahane served at certain times as a member of ARCP's Board of Directors.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 26.

27.     GT admits that Defendant Michelson served at certain times as a member of ARCP's Board of Directors.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 27.

28.     GT admits that Defendant Stanley served at certain times as a member of ARCP's Board of Directors.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 28.

29.     GT admits that Defendant Rendell served at certain times as a member of ARCP's Board of Directors.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations of Paragraph 29.

30.     GT admits that Defendant Bowman served at certain times as a member of ARCP's Board of Directors.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations of Paragraph 30.

31.     GT admits that Defendant Andruskevich served at certain times as a member of ARCP's Board of Directors.  To the extent any further answer is required, GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 31.

32.     GT admits that Defendant Sealy served at certain times as a member of ARCP's Board of Directors.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 32.

33.     GT admits that Defendants Kahane, Michelson, Stanley, Rendell, Bowman, Andruskevich and Sealy are collectively referred to in the Second Amended Complaint as the "American Realty Director Defendants" or "Director Defendants."  GT admits that Michelson, Stanley, Rendell, Bowman, Andruskevich and Sealy signed ARCP's 2013 Form 10-K, and Michelson and Rendell signed ARCP's 2012 Form 10-K.  GT admits that Kahane signed ARCP's 2013 Shelf Registration Statement.  GT admits that Nicholas S. Schorsch signed ARCP's 2013 Shelf Registration Statement as attorney-in-fact for Rendell, Michelson, and

Bowman.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 33.

34.    GT admits that GT is an accounting firm.  GT admits that it served as ARCP's independent auditor during the period February 28, 2013 through October 29, 2014, which is referred to in the Second Amended Complaint as the "Relevant Period."  GT admits that it received payment from ARCP and the entities identified in footnote 2 for services rendered.  GT admits that ARCP's financial statements for the years 2012 and 2013 were restated on March 2, 2015.  GT admits that it consented to the incorporation by reference in ARCP's Form S-3 Registration Statement dated March 13, 2013 of its reports with respect to the consolidated financial statements, schedule, and internal control over financial reporting for the year ended December 31, 2012 of ARCP.  GT admits that it consented to the inclusion in ARCP's December 20, 2013 Form S-4 Registration Statement of its report with respect to the consolidated financial statements of ARCP as of December 31, 2012.  GT admits that it consented to the incorporation by reference of its reports with respect to the consolidated financial statements and schedules of ARCP for the year ended December 31, 2013 in ARCP's registration statement filed in connection with the May 2014 Offering.   GT denies the remaining allegations in Paragraph 34.

35.    GT admits that in Part III of the Second Amended Complaint, Plaintiffs purport to assert claims based on violations of the Securities Act.  GT denies the remaining allegations in Paragraph 35.

36.    GT admits that ARCP issued stock in February 2014 pursuant to a December 23, 2013 Registration Statement and issued stock in May 2014 pursuant to a shelf registration statement.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 36.

37.     GT admits that ARCP issued stock in February 2014 pursuant to a December 23, 2013 Registration Statement that incorporated by reference ARCP's 2012 Form 10-K and 1Q2013, 2Q2013, and 3Q2013 Forms 10-Q.  GT admits that a prospectus supplement filed by ARCP on May 21, 2014 incorporated by reference ARCP's 2013 Form 10-K and 1Q2014 Form 10-Q.  GT admits that the May 21, 2014 prospectus supplement was made pursuant to a shelf registration statement that incorporated by reference ARCP's 2012 Form 10-K.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations of Paragraph 37.

38.     To the extent Paragraph 38 purports to characterize or summarize ARCP's annual, periodic, or other filings with the SEC, those documents speak for themselves, and GT respectfully directs the Court to the full text of the documents for their contents.  GT denies any remaining allegations of Paragraph 38.

39.     To the extent Paragraph 39 purports to characterize or summarize ARCP's annual, periodic, or other filings with the SEC, those documents speak for themselves, and GT respectfully directs the Court to the full text of the documents for their contents.  GT denies any remaining allegations of Paragraph 39.

40.     GT admits that ARCP restated and amended its previously issued consolidated financial statements and related financial information for the fiscal years ended December 31, 2013 and 2012 and for the fiscal periods ended March 31, 2014 and June 30, 2014.  Those documents speak for themselves, and GT respectfully directs the Court to the full text of the documents for their contents.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 40.

41.     GT admits that ARCP filed with the SEC on February 28, 2013 its Annual Report on Form 10-K for the period ending December 31, 2012 (the "2012 Form 10-K").  GT admits that Schorsch and Block signed the 2012 Form 10-K.  Insofar as Paragraph 41 purports to characterize or summarize ARCP's 2012 Form 10-K, that document speaks for itself, and GT respectfully directs the Court to the full text of the document for its contents.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations of Paragraph 41.

42.     To the extent Paragraph 42 purports to characterize or summarize ARCP's 2012 Form 10-K, that document speaks for itself, and GT respectfully directs the Court to the full text of the document for its contents.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations of Paragraph 42.

43.     To the extent Paragraph 43 purports to characterize or summarize ARCP's 2012 Form 10-K, the document speaks for itself, and GT respectfully directs the Court to the full text of the document for its contents.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations of Paragraph 43.

44.     GT admits that ARCP filed with the SEC on May 6, 2013 its Quarterly Report on Form 10-Q for the period ending March 31, 2013 (the "1Q13 Form 10-Q").  GT admits that ARCP filed with the SEC on August 6, 2013 its Quarterly Report on Form 10-Q for the period ending June 30, 2013 (the "2Q13 Form 10-Q").  GT admits that ARCP filed with the SEC on November 7, 2013, its Quarterly Report on Form 10-Q for the period ending September 30, 2013 (the "3Q13 Form 10-Q").  Insofar as Paragraph 44 purports to characterize or summarize ARCP's annual, periodic, or other filings with the SEC, those documents speak for themselves,

and GT respectfully directs the Court to the full text of the documents for their contents.  GT denies any remaining allegations of Paragraph 44.

45.     GT admits that ARCP filed with the SEC on February 27, 2014, its Annual Report on Form 10-K for the period ending December 31, 2013 (the "2013 Form 10-K").  Insofar as Paragraph 45 purports to characterize or summarize ARCP's annual, periodic, or other filings with the SEC, those documents speak for themselves, and GT respectfully directs the Court to the full text of the documents for their contents.  GT denies any remaining allegations of Paragraph 45.

46.     GT admits that ARCP filed with the SEC on May 8, 2014, its Quarterly Report on Form 10-Q for the period ending March 31, 2014 (the "1Q14 Form 10-Q").  GT admits that ARCP filed with the SEC on July 29, 2014, its Quarterly Report on Form 10-Q for the period ending June 30, 2014 (the "2Q14 Form 10-Q").  Insofar as Paragraph 46 purports to characterize or summarize ARCP's annual, periodic, or other filings with the SEC, those documents speak for themselves, and GT respectfully directs the Court to the full text of the documents for their contents.  GT denies any remaining allegations of Paragraph 46.

47.     GT admits that on March 2, 2015, ARCP filed a Form 10-K/A for the fiscal year ended December 31, 2013, a Form 10-Q/A for the fiscal quarter ended March 31, 2014, and a Form 10-Q/A for the fiscal quarter ended June 30, 2014, containing restated financial results for fiscal year 2012, fiscal year 2013, and the first two quarters of 2014.  Insofar as Paragraph 47 purports to characterize or summarize ARCP's annual, periodic, or other filings with the SEC, those documents speak for themselves, and GT respectfully directs the Court to the full text of the documents for their contents.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations of Paragraph 47.

48.     GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 48.

49.     GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 49.

50.     GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 50.

51.     GT admits that ARCP's financial statements for the years 2012 and 2013 were restated on March 2, 2015.  GT further admits that it issued its 2012 audit opinion on February 28, 2013 and its 2013 audit opinion on February 27, 2014.  GT denies the remaining allegations of Paragraph 51.

52.     GT admits that ARCP's 2012 Form 10-K was incorporated by reference in the registration statements ARCP filed in connection with the February 2014 Cole Merger and the May 2014 Offering.  GT admits that ARCP's 2013 Form 10-K was incorporated by reference in the registration statement ARCP filed in connection with the May 2014 Offering.  GT denies the remaining allegations of Paragraph 52.

53.     GT denies the allegations in Paragraph 53.

54.     GT admits that it provided audit services to American Energy Capital Partner, LP; American Realty Capital Retail Centers of America Inc.; American Realty Capital Retail Centers of America II Inc.; American Realty Capital Daily Net Asset Value Trust, Inc.; American Realty Capital Global Trust, Inc.; American Realty Capital Global Trust II, Inc.; American Realty Capital Healthcare Trust, Inc.; American Realty Capital Healthcare Trust II, Inc.; American Realty Capital Healthcare Trust III, Inc.; American Realty Capital New York City REIT, Inc.; American Realty Capital New York Recovery REIT, Inc.; American Realty Capital Trust, Inc.;

American Realty Capital Trust III, Inc.; American Realty Capital Trust IV, Inc.; American Realty Capital Trust V, Inc.; ARC Properties Operating Partnership L.P.; ARC Realty Finance Trust Inc.; and Business Development Corporation of America.  GT admits that it resigned as the auditor of certain of these entities in January 2015.  GT admits that ARCP dismissed GT as its independent auditor effective June 1, 2015.  GT denies the remaining allegations in Paragraph 54, including the remaining allegations in footnotes 4 and 5.

55.     GT denies the allegations of Paragraph 55.

56.     GT denies the allegations of Paragraph 56.

57.     GT denies the allegations of Paragraph 57.

58.     GT denies the allegations of Paragraph 58.

59.     GT admits that it consented to the incorporation by reference in ARCP's Form S-3 Registration Statement dated March 13, 2013 of its reports with respect to the consolidated financial statements, schedule, and internal control over financial reporting for the year ended December 31, 2012 of ARCP.  GT admits that it consented to the inclusion in ARCP's December 20, 2013 Form S-4 Registration Statement of its report with respect to the consolidated financial statements of ARCP as of December 31, 2012.  GT admits that it consented to the incorporation by reference of its reports with respect to the consolidated financial statements and schedules of ARCP for the year ended December 31, 2013 in ARCP's registration statement filed in connection with the May 2014 Offering.  GT further admits that it reviewed ARCP's interim GAAP financial results included in ARCP's 1Q14 and 2Q14 Forms 10-Q. GT denies the remaining allegations of Paragraph 59.

60.     Insofar as Paragraph 60 contains allegations against defendants other than GT, GT responds on behalf of itself and no other defendants.  GT denies the allegations of Paragraph 60.

61.     GT denies that any statements attributed to it in ARCP's offering materials were untrue, misleading, or contained omissions.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 61.

62.     GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 62.  Insofar as Paragraph 62 contains allegations against defendants other than GT, GT responds on behalf of itself and no other defendants.  GT denies the remaining allegations of Paragraph 62.

63.     Insofar as Paragraph 63 contains allegations against defendants other than GT, GT responds on behalf of itself and no other defendants.   GT denies that it made untrue or misleading statements and/or omissions.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences of Paragraph 63.  GT denies the remaining allegations of Paragraph 63.

64.     To the extent that the allegations of Paragraph 64 incorporate allegations from preceding paragraphs, GT repeats and restates each and every response set forth in such foregoing Paragraphs as if fully set forth herein.   GT denies the remaining allegations of Paragraph 64.

65.     GT admits that on or about October 22, 2013, ARCP entered into an Agreement and Plan of Merger with Cole.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations of Paragraph 65.

66.     GT admits that ARCP issued a Registration Statement on Form S-4 with the SEC on December 23, 2013, and a Joint Proxy Statement/Prospectus dated December 23, 2013. Insofar as Paragraph 66 purports to characterize or summarize ARCP's annual, periodic, or other

filings with the SEC in connection with the Cole Merger, including the "Cole Merger Materials," those documents speak for themselves, and GT respectfully directs the Court to the full text of the documents for their contents.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 66.

67.     Insofar as Paragraph 67 purports to characterize or summarize ARCP's annual, periodic, or other filings with the SEC in connection with the Cole Merger, including the "Cole Merger Materials," those documents speak for themselves, and GT respectfully directs the Court to the full text of the documents for their contents.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations of Paragraph 67.

68.     To the extent the allegations of Paragraph 68 incorporate allegations from preceding paragraphs, GT repeats and restates each and every response set forth in such foregoing Paragraphs as if fully set forth herein.  GT denies any remaining allegations of Paragraph 68.

69.     GT denies knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiffs acquired ARCP common stock in the Cole Merger traceable to the December 23, 2013 Registration Statement.  To the extent Paragraph 69 contains allegations against defendants other than GT, GT responds on behalf of itself and no other defendants.  GT denies the remaining allegations in Paragraph 69.

70.     To the extent that the allegations of Paragraph 70 incorporate allegations from preceding paragraphs, GT repeats and restates each and every response set forth in such foregoing Paragraphs as if fully set forth herein.  To the extent any further answer is required, GT denies the remaining allegations of Paragraph 70.

71.     GT admits that ARCP filed a preliminary prospectus supplement on May 21, 2014 and a prospectus supplement on May 23, 2014 related to the offering of common ARCP stock, and that this offering was made pursuant ARCP's 2013 shelf registration statement.  GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 71.

72.     Insofar as Paragraph 72 purports to characterize or summarize ARCP's annual, periodic, or other filings with the SEC in connection to the May 21 Equity Offering, including the "May 21 Equity Offering Materials," those documents speak for themselves, and GT respectfully directs the Court to the full text of the documents for their contents.  To the extent any further answer is required, GT denies knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations of Paragraph 72.

73.     To the extent the allegations of Paragraph 73 incorporate allegations from preceding paragraphs, GT repeats and restates each and every response set forth in such foregoing paragraphs as if fully set forth herein.  To the extent Paragraph 73 contains allegations against defendants other than GT, GT responds on behalf of itself and no other defendants.  GT denies the remaining allegations in Paragraph 73.

74.     GT denies knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiffs acquired ARCP common stock in the May 21 Equity Offering traceable to the 2013 Shelf Registration Statement.  To the extent Paragraph 74 contains allegations against defendants other than GT, GT responds on behalf of itself and no other defendants.  GT denies the remaining allegations in Paragraph 74.

**75.**     The allegations of Paragraph 75 are not being asserted against GT, and GT is therefore not required to answer them.  To the extent any further answer is required, GT denies

15

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 75.

76.    The allegations of Paragraph 76 are not being asserted against GT, and GT is therefore not required to answer them.  To the extent any further answer is required, GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 76.

77.    The allegations of Paragraph 77 are not being asserted against GT, and GT is therefore not required to answer them.  To the extent any further answer is required, GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 77.

## <u>EXCHANGE ACT CLAIMS</u>

Plaintiffs do not assert claims under the Exchange Act against GT, and GT therefore is not required to answer the remaining allegations in the Complaint.

However, with respect to Paragraphs 113 and 147, which refer to GT or its employees, GT answers as follows:

113.    GT denies the allegations in Paragraph 113.

147.    Insofar as Paragraph 147 purports to characterize or summarize GT's report on the internal control over financial reporting of ARCP as of December 31, 2013 dated March 2, 2015, and included in ARCP's 2013 Form 10-K/A, that document speaks for itself, and GT respectfully directs the Court to the full text of the document for its contents.  GT denies any remaining allegations in Paragraph 147.

To the extent any further answer is required to Paragraphs 78 through 264, GT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations purportedly supporting Plaintiffs' Exchange Act Claims against the other defendants.

Answering Plaintiffs' Prayer for Relief, GT denies that Plaintiffs are entitled to relief against GT.  GT requests that the Court dismiss all claims asserted against GT with prejudice and that the Court award reasonable costs and expenses incurred in this action, including counsel fees and expert fees, and such other relief as the Court deems just and proper.

## GT'S AFFIRMATIVE AND OTHER DEFENSES

GT sets forth the following affirmative and other defenses to the SAC.  In so doing, GT does not assume the burden of proving any fact, issue, proposition, or element of a cause in action where such burden properly belongs to Plaintiffs.  GT reserves its right to amend or supplement this Answer with additional defenses upon further discovery concerning these claims.

1.      GT, after a reasonable investigation, had reasonable grounds to believe and did believe at the time the alleged misrepresentations or omissions by GT were made, that the statements and representations GT made were true and that there was no omission to state a material fact required to be stated or necessary to make its statements not misleading.

2.      The alleged misrepresentations or omissions by GT were based on good faith, with the absence of fraudulent intent, and in reasonable reliance upon information provided by others upon whom GT was entitled to rely.

3.      Plaintiffs' action is barred in whole or in part to the extent Plaintiffs' purchase of the underlying securities at issue are not traceable to the registration statements Plaintiffs allege contained misrepresentations or omissions.

4.      GT's conduct was within the accepted standards of practice for auditors, and GT complied in good faith with all applicable professional standards during the period set forth in the SAC.

5.      Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs were aware of the true facts concerning the alleged misrepresentations or omissions by GT.

6.      The alleged misrepresentations or omissions by GT were not material at the time the registration statements containing such statements were made effective, and there is a substantial likelihood that disclosure of the alleged misrepresentations or omissions would not have been viewed by a reasonable investor as having significantly changed the total mix of information available.

7.      GT cannot be held liable for any alleged misstatements, omissions, actions, conduct or knowledge of any individual or entity other than GT.

8.      GT is entitled to judgment in its favor based on negative causation because there was never a disclosure that any statement made by GT was false or misleading and that caused ARCP's stock price to fall.

9.      Various matters claimed by the SAC to be the subject of misrepresentations and omissions were publicly disclosed and/or were in the public domain and, as such, were available to Plaintiffs.

10.     Plaintiffs' claims are barred in whole or in part because factors other than the alleged false or misleading statements of material fact or omissions of material fact by GT intervened or superseded to cause some or all of Plaintiffs' alleged damages.

11.     Plaintiffs' claims are barred in whole or part because the statements and/or filings allegedly issued by Defendants contained sufficient cautionary language and bespoke caution

with respect to the subject matter of each alleged misrepresentation or omission in the SAC so as to warn Plaintiffs of the risks of investing in ARCP stock.

12.     Any damages must be reduced, diminished, and/or eliminated in proportion to the wrongful conduct of persons and/or entities other than GT, such that any verdict or judgment against GT does not exceed GT's proportionate fault, if any.

13.     GT was the victim of fraud, deceit, misrepresentation, concealment, negligence and/or breach of contract practiced upon it by others, in that information was not provided to GT, was misrepresented to GT, and/or was concealed from GT while GT was rendering professional services, and any recovery against GT shall be barred or diminished as a result.

14.     Plaintiffs' claims are barred to the extent they are premised on the theory that GT "certified" ARCP's financial statements or the alleged misrepresentations or omissions contained therein.

15.     Plaintiffs' claims are barred in whole or in part to the extent any Plaintiffs sold ARCP securities at prices above the offering price of such securities.

16.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs did not rely on the alleged misrepresentations or omissions by GT in purchasing the underlying securities at issue.

17.     Plaintiffs' claims are barred, in whole or in part, to the extent they are predicated on events that occurred subsequent to the alleged misrepresentations or omissions by GT.

18.     GT is not jointly and severally liable for Plaintiffs' alleged damages because GT did not knowingly commit a violation of the securities laws.

19.     GT adopts by reference any additional applicable defense pleaded by any other defendant not otherwise pleaded.

Dated:  July 29, 2016

Respectfully submitted,

 /s/ *Gary F. Bendinger*
Gary F. Bendinger
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone:  (212) 839-5300
Facsimile:   (212) 839-5599
Email:  gbendinger@sidley.com

Bruce R. Braun  (*admitted pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036
Email:  bbraun@sidley.com

*Attorneys for Defendant Grant Thornton LLP*