# Robbins Geller
# Rudman & Dowd LLP

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Debra J. Wyman
DebraW@rgrdlaw.com

September 6, 2016

VIA ECF

The Honorable Alvin K. Hellerstein
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan, United States Courthouse
500 Pearl Street
New York, NY 10007-1581

Re:    *In re American Realty Capital Properties, Inc. Litigation*
       No. 1:15-mc-00040-AKH (S.D.N.Y.)

Dear Judge Hellerstein:

We write on behalf of all parties in the Class Action and Opt-Out Actions.[1]  The parties submit this joint letter pursuant to Your Honor's Individual Practice Rule 2.E and in advance of the Case Management Conference scheduled for September 8, 2016 to alert the Court to the limited disagreements remaining between the parties concerning the Joint Rule 26(f) Report and Proposed Case Management Plan ("Case Management Plan") in the above-referenced matter.[2]

---

[1]    The Opt-Out Actions are: *Jet Capital Master Fund, L.P. et al. v. American Realty Capital Properties, Inc., et al.*, No. 1:15-cv-00307-AKH; *Pentwater Equity Opportunities Master Fund Ltd., et al. v. American Realty Capital Properties, Inc., et al.*, No. 1:15-cv-08510-AKH; *Clearline Capital Partners LP, et al. v. American Realty Capital Properties, Inc., et al.*, No. 1:15-cv-08467-AKH; *BlackRock ACS US Equity Tracker Fund, et al. v. American Realty Capital Properties, Inc., et al.*, No. 1:15-cv-08464-AKH; *PIMCO Funds: PIMCO Diversified Income Fund, et al. v. American Realty Capital Properties, Inc., et al.*, No. 1:15-cv-08466-AKH; *Twin Securities, Inc., et al. v. American Realty Capital Properties, Inc., et al.*, No. 1:15-cv-01291-AKH; *HG Vora Special Opportunities Master Fund, Ltd. v. American Realty Capital Properties, Inc., et al.*, No. 1:15-cv-04107-AKH; *Archer Capital Master Fund, L.P., et al. v. American Realty Capital Properties, Inc., et al.*, No. 1:16-cv-05471-AKH; and *Atlas Master Fund, Ltd., et al. v. American Realty Capital Properties, Inc., et al.*, No. 1:16-cv-05475-AKH.

[2]    Neither this letter nor the Case Management Plan applies to *Witchko v. Schorsch, et al.*, No. 1:15-cv-06043-AKH (the "Derivative Action").  The parties in the Derivative Action intend to address discovery issues with the Court at the Case Management Conference on September 8, 2016.

1183837_1

**Robbins Geller**
**Rudman & Dowd** LLP

September 6, 2016
Page 2

The parties have held three teleconferences and engaged in good faith discussions on an ongoing basis to try to resolve their differences and have been able to resolve all of them other than the three discussed below.  These three remaining issues are also referenced in the parties' Case Management Plan, which is being filed contemporaneously herewith and shows the many areas where the parties have been able to reach agreement.

## 1.      Protective Order (Case Management Plan § III.B.1(e))

Plaintiffs' Position: "Approval by the Court of a protective order does not relieve any party from its obligation to provide initial disclosures or produce documents in response to any request for discovery.  Any document or information produced or provided prior to entry of a protective order will be for 'Attorney's eyes only' and kept confidential until the entry of a protective order, when such document or information will be treated in accordance with that order.  In any event, the parties shall submit a proposed protective order to the Court by September 20, 2016, in advance of the parties' agreed upon initial disclosure deadline."

In light of Plaintiffs' agreement to provisionally treat all documents that are produced before entry of a protective order as "Attorney's eyes only," there is no reason why production of documents or information should await the entry of a formal protective order.  An interim "Attorneys eyes only" agreement provides the parties with more protection than the parties' contemplated protective order, and an agreement among the parties to treat documents on an "Attorneys' eyes only" basis until entry of a protective order is routine to avoid needless delay.  Further, to expedite the entry of a protective order, the parties should be required to submit a proposed protective order by September 20, 2016, which predates all production or disclosure deadlines.

Defendants' Position: "The parties shall not be required to produce any documents in response to any request for discovery prior to the entry of a protective order.  The parties will proceed expeditiously to ensure that a proposed protective order is submitted to the Court at the earliest practical date."

Plaintiffs' proposal that documents produced prior to the entry of a protective order will be for "Attorney's eyes only" fails to account for the numerous additional protections in a standard protective order, including, *inter alia*, provisions governing waiver for the inadvertent production of privileged documents, clawback procedures, the use of confidential documents, and the protection of documents produced by non-parties.  Moreover, Plaintiffs' proposal wrongly presumes that the parties will know in advance the correct treatment and level of protection that will be afforded to documents under the protective order.  Finally, as a practical matter, without specific knowledge of the level of protection afforded to each document type, the parties will be unable to stamp and organize documents correctly, and may need to engage in a duplicative review and organization of documents following the entry of a protective order.  Defendants expect to send a draft of a

**Robbins Geller**
**Rudman & Dowd** LLP

September 6, 2016
Page 3

proposed protective order to Plaintiffs in the near future, and will proceed expeditiously to ensure that a proposed protective order is submitted to the Court prior to the beginning of document production (which, under the Case Management Plan, is not likely to begin until, at the earliest, mid-October 2016, the earliest proposed date on which the parties' responses and objections to the first set of document requests may be due).

## 2. First Set of Document Requests and Production of Responsive Documents (Case Management Plan, Attachment A, Row 2)[3]

Plaintiffs' Position: "The production of non-privileged responsive documents to document requests served by September 12, 2016 shall be completed in accordance with the requirements of Federal Rules of Civil Procedure 26 and 34 by December 15, 2016."

The dispute between Plaintiffs and ARCP/Grant Thornton/Underwriter Defendants can be boiled down to two discrete issues. First, Defendants' use of the word "substantially" to modify "production" unnecessarily injects uncertainty into the timing of the completion of Defendants' document production, which may jeopardize the fact discovery deadline. In order to review documents and begin depositions in a timely fashion, Plaintiffs need the *entirety* of Defendants' document production by December 15, 2016. Second, Defendants' use of the phrase "to which there is no objection" would permit Defendants to withhold all documents – objectionable or not – to every request to which they lodge any objection, no matter how boilerplate the objection. Rather, Defendants should be required to produce all non-objectionable documents in conformance with Rules 26 and 34: "An objection may state that a request is overbroad, but if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad. Examples would be a statement that the responding party will limit the search to documents or electronically stored information created within a given period of time prior to events in suit, or to specified sources. When there is such an objection, the statement of what has been withheld can properly identify as matters 'withheld' anything beyond the scope of the search specified in the objection." Rule 34 Advisory Comm. Notes.

ARCP's/Grant Thornton's/Underwriters' Position: "The production of non-privileged responsive documents to document requests served by September 12, 2016 <u>to which there is no objection</u> shall be <u>substantially</u> completed by December 15, 2016."

ARCP, Grant Thornton, and the Underwriter Defendants agree with Plaintiffs that September 12, 2016 is an acceptable deadline for the parties' first set of document requests and that December 15, 2016 is an acceptable deadline for the production of documents responsive to those

---

[3] The deadline for the production of documents responsive to the first set of requests will be the date after which the parties meet and confer regarding the number of depositions, as set forth in Row 4 of Attachment A.

# Robbins Geller
## Rudman & Dowd LLP

September 6, 2016
Page 4

requests.[4]   However, these Defendants' agreement to such an unusually aggressive document production deadline is dependent on the important qualifiers that the initial production be substantially completed (rather than wholly completed) by December 15 and that Defendants need not produce documents to which there is an objection by that date.  These Defendants have agreed to an expedited production timeline in part because they believe a good faith effort will permit them to substantially complete, if not entirely complete, production by December 15, 2016.  However, without specific knowledge of the scope of Plaintiffs' first set of document requests, which Defendants have not yet seen, Defendants cannot provide a "guarantee" that they will be able to complete the entirety of their production by December 15 even with their good faith efforts to do so.  Further, the parties must be able to reserve the right not to produce documents in response to requests for which they believe that production is not warranted based on a good faith objection.  Plaintiffs' proposal that the productions be completed "in accordance with the requirements of Federal Rules of Civil Procedure 26 and 34" is meaningless, as the parties would be required to comply with these Rules regardless.

AR Capital's/ARC Advisors' Position:   "The production of non-privileged responsive documents to document requests served by December 12, 2016 to which there is no objection shall be substantially completed by April 10, 2017."

AR Capital, LLC ("AR Capital") and ARC Properties Advisors, LLC ("ARC Advisors") join the position and arguments of ARCP, Grant Thornton, and the Underwriter Defendants concerning the scope of production to be made in response to initial requests for production.  But AR Capital and ARC Advisors propose that the parties be given more time to serve and respond to those requests.  As ARCP, Grant Thornton, and the Underwriter Defendants note, the schedule they and Plaintiffs propose is unusually aggressive.[5]   The operative complaints center on alleged misstatements in the first and second quarters of 2014.  Those periods came after ARC Advisors, a subsidiary of AR Capital, ceased serving as ARCP's external manager.  *See, e.g.*, Second Am. Class Action Compl. ¶¶20-21.  Plaintiffs have nonetheless sought to bring claims against AR Capital and ARC Advisors for a much broader earlier period.  AR Capital and ARC Advisors expect that Plaintiffs' document requests to AR Capital, ARC Advisors, and possibly other defendants will be

---

[4]   The individual defendants have expressed no position on this issue.

[5]   Other recent securities class actions have allowed substantially more time for document discovery than the three months proposed by Plaintiffs and certain Defendants.  *See, e.g.*, *In re Petrobras Sec. Litig.*, No. 1:14-cv-09662-JSR, ECF No. 192 (July 20, 2015) (four to five months to produce documents in response to first-round requests); *In re Citigroup, Inc. Bond Litig.*, No. 1:08-cv-09522-SHS, ECF No. 70 (Sept. 30, 2010) (more than six months from start of fact discovery to substantial completion of document production); *In re Indymac Mortg. Backed Sec. Litig.*, No. 1:08-cv-04583-LAK, ECF No. 269 (Oct. 15, 2010) (nearly one year for completion of discovery from date of scheduling conference, with no interim deadlines required for document production).

**Robbins Geller**
**Rudman & Dowd** LLP

September 6, 2016
Page 5

extremely broad, particularly given that Plaintiffs have not alleged any touchstone events or actors relating to AR Capital or ARC Advisors in the complaints.  This broad scope will require extra time, both to locate and review documents and to seek judicial resolution in the event of any disagreements between the parties concerning the proper scope of Plaintiffs' requests.  It is extremely unlikely that AR Capital and ARC Advisors will be able to resolve the inevitable disputes that will arise and complete production by the unreasonably early production date of December 15, 2016 proposed by Plaintiffs and certain other Defendants.

The additional time is also important because Defendants, not Plaintiffs, will bear the vast majority of the burden of document review and production.  The asymmetrical costs of this litigation, and the largely one-sided document production obligations in particular, make Plaintiffs' proposed date unreasonable, and will result in unwarranted expense on AR Capital and ARC Advisors.  Finally, the December 15, 2016 production deadline is wholly unreasonable and unnecessary in light of all parties' agreement to a deadline of September 1, 2017 for non-expert discovery.  There is no justification for requiring AR Capital and ARC Advisors to produce documents by December 15, 2016, when the non-expert discovery period does not end for nearly an additional nine months beyond that date.  AR Capital and ARC Advisors' proposed deadline of April 10, 2017 leaves ample time, nearly five months, for depositions before the close of non-expert discovery.

### 3.    Class Certification (Case Management Plan, Attachment A, Row 7)

Plaintiffs' Proposal:

- Opening motion and documents sufficient to show transactions in ARCP publicly traded securities due November 18, 2016.

- Opposition briefs due January 13, 2017.

- Reply briefs due February 17, 2017.

Plaintiffs believe that class certification should be resolved expeditiously, but defer to the Court with respect to the entry of class certification deadlines.

Defendants' Proposal:

- Plaintiffs' Motion, Identification of Expert(s), and Expert Report(s) (if any) due January 13, 2017.

- Deposition(s) of Plaintiffs' Class Certification Expert(s) (if any) due February 10, 2017.

1183837_1

# Robbins Geller
# Rudman & Dowd LLP

September 6, 2016
Page 6

- Defendants' Opposition Brief, Identification of Expert(s), and Expert Report(s) (if any) due March 17, 2017.

- Deposition(s) of Defendants' Class Certification Expert(s) (if any) due April 14, 2017.

- Plaintiffs' Reply Brief due April 28, 2017.

Defendants believe that Plaintiffs' proposal provides inadequate time for the development of facts necessary for this Court to engage in the "rigorous analysis" necessary to determine the issue of class certification. *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) ("certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied" (citation and internal quotation marks omitted)). Under Plaintiffs' proposal, Plaintiffs would submit a class certification motion only two months after document requests are served, and well <u>before</u> the substantial completion of document production, under either schedule proposed above. Plaintiffs' class certification proposal affords almost no time for the deposition of proposed class representatives or discovery from third-party financial advisors, which will be crucial to the issue of class certification. Moreover, Plaintiffs' proposal provides insufficient time for the preparation of expert reports and expert depositions. "[A]t the class-certification stage (as at trial), any model supporting a plaintiff's damages case must be consistent with its liability case." *Comcast*, 133 S. Ct. at 1433 (citation and internal quotation marks omitted). Indeed, Plaintiffs assert in Attachment B to the Case Management Plan that they cannot identify or quantify alleged damages without expert analysis. Plaintiffs' proposed timeline fails to account for these considerations.

The parties thank the Court for its attention to this matter.

Respectfully submitted,

DEBRA J. WYMAN

DJW:th

cc:     All counsel (*via email*)

1183837_1

CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 6, 2016.

s/ Debra J. Wyman
DEBRA J. WYMAN

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail: debraw@rgrdlaw.com

**Mailing Information for a Case 1:15-mc-00040-AKH In re American Realty Capital Properties, Inc. Litigation**

#### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Simon Abraham**
  jabraham@aftlaw.com

- **Randall Thomas Adams**
  Randall.Adams@srz.com,ecf-1fb51dd9937a6@ecf.pacerpro.com,courtfilings@srz.com,evan.melluzzo@srz.com

- **Robin L. Alperstein**
  ralperstein@beckerglynn.com,hhill@beckerglynn.com,saltreuter@beckerglynn.com

- **Antonia Marie Apps**
  aapps@milbank.com,tlevendosky@milbank.com,ggreen@milbank.com,USANYS.ECF@USDOJ.GOV

- **Adam M. Apton**
  aapton@zlk.com

- **Gary Frederick Bendinger**
  gbendinger@sidley.com,nyefiling@sidley.com

- **Stanley D Bernstein**
  bernstein@bernlieb.com,rmaloney@bernlieb.com,ecf@bernlieb.com

- **Jeffrey Craig Block**
  jeff@blockesq.com,jason@blockesq.com

- **Dwight Phillip Bostwick**
  dbostwick@zuckerman.com

- **Bruce Roger Braun**
  bbraun@sidley.com,mewalker@sidley.com,kbasaria@sidley.com,jsanford@sidley.com,rflint@sidley.com,nconrad@sidley.com,abuettner@sidley.com,nyefiling@sidley.com,thargadon@sidley.com,catherine.stewart@sidley.com,efilingnotice@sidley.com,kstead@sidley.com,jplatt@sidley.com

- **Jennifer Nunez Caringal**
  jcaringal@rgrdlaw.com,lmix@rgrdlaw.com

- **Kevin Koon-Pon Chan**
  kchan@rosenlegal.com

- **Alexandra Rebecca Clark**
  aclark@pkbllp.com

- **Jason Robert D'Agnenica**
  jasondag@ssbny.com

- **Glen DeValerio**
  gdevalerio@bermandevalerio.com,bdentremont@bermandevalerio.com,ecf@bermandevalerio.com,bmccarthy@bermandevalerio.com

- **Bruce Whitney Dona**
  bruce.dona@ksfcounsel.com

- **Michael Joseph Dowd**
  miked@rgrdlaw.com,debg@rgrdlaw.com,e_file_sd@rgrdlaw.com,tome@rgrdlaw.com

- **Daniel S. Drosman**
  ddrosman@rgrdlaw.com,E_File_SD@rgrdlaw.com,tholindrake@rgrdlaw.com,kcook@rgrdlaw.com

- **Scott Alexander Edelman**
  sedelman@milbank.com

- **H. Miriam Farber**
  mfarber@shearman.com,CourtAlert@Shearman.com,manattyoffice@shearman.com

- **Meagan Alicia Farmer**
  mfarmer@gardylaw.com

- **Reid Mason Figel**
  rfigel@khhte.com,oames@khhte.com,gfording@khhte.com

- **Robert Craig Finkel**
  rfinkel@wolfpopper.com,cdunleavy@wolfpopper.com,mgianfagna@wolfpopper.com,nmackiel@wolfpopper.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Adam Fotiades**
  afotiades@zuckerman.com

- **Molly Bruder Fox**
  mbfox@steptoe.com

- **Christopher Louis Garcia**
  christopher.garcia@weil.com,evert.christensen@weil.com,MCO.ECF@weil.com

- **Christopher Hyde Giampapa**
  christopher.giampapa@srz.com,ecf-5872533addac@ecf.pacerpro.com

- **James Philip Gillespie**
  jgillespie@kirkland.com,kevin.mccarthy@kirkland.com,kenymanagingclerk@kirkland.com

- **Daniel Zachary Goldman**
  dgoldman@pkbllp.com

- **Andrew Edward Goldsmith**
  agoldsmith@khhte.com,aholloman@khhte.com

- **Douglas W. Greene**
  greened@lanepowell.com,davisc@lanepowell.com,tsuboin@lanepowell.com,mitchelll@lanepowell.com,flabela@lanepowell.com,Matsushitat@lanepowell.com,Docketing-SEA@lanepowell.com,lanep@lanepowell.com,schaera@lanepowell.com

- **Theresa Hsin-Yi Gue**
  tgue@pkbllp.com

- **Adam Selim Hakki**
  ahakki@shearman.com,Courtalert@shearman.com,manattyoffice@shearman.com

- **John Louis Hardiman**
  hardimanj@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **David Charles Harrison**
  dharrison@lowey.com

- **Barbara J. Hart**
  bhart@lowey.com

- **Steven P. Harte**
  steven@blockesq.com

- **William Scott Holleman**
  ScottH@johnsonandweaver.com,paralegal1@johnsonandweaver.com

- **Geoffrey Coyle Jarvis**
  gjarvis@ktmc.com,mswift@ktmc.com

- **Frank James Johnson**
  frankj@johnsonandweaver.com,paralegal1@johnsonandweaver.com

- **Rebecca M Katz**
  rkatz@katzlawnewyork.com,disaacson@motleyrice.com,dabel@motleyrice.com,lkorenblit@motleyrice.com,kweil@motleyrice.com

- **Joshua David Kaye**
  jkaye@paulweiss.com

- **Christopher J. Keller**
  ckeller@labaton.com,ElectronicCaseFiling@labaton.com

- **Robert S. Khuzami**
  robert.khuzami@kirkland.com,kenymanagingclerk@kirkland.com

- **Kevin C. Kim**
  pkim@rosenlegal.com
- **Lawrence Paul Kolker**
  kolker@whafh.com
- **Daniel Jonathan Kramer**
  dkramer@paulweiss.com,mao_fednational@paulweiss.com
- **Justin David Lerer**
  jlerer@paulweiss.com
- **Michelle Lynn Levin**
  mlevin@steptoe.com,drodriguez@steptoe.com
- **Daniel Craig Lewis**
  daniel.lewis@shearman.com,CourtAlert@Shearman.com,gina.seong@shearman.com,manattyoffice@shearman.com
- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com
- **Howard Theodore Longman**
  tsvi@aol.com
- **John Phillip MacNaughton**
  jprm@mmmlaw.com,wew@mmmlaw.com,elarson@mmmlaw.com
- **Michael David Margulies**
  mmargulies@bressler.com
- **Rita Kathleen Maxwell**
  rmaxwell@zuckerman.com,jchen@zuckerman.com
- **Francis Paul McConville**
  fmcconville@labaton.com,lmehringer@labaton.com
- **Donald Alan Migliori**
  dmigliori@motleyrice.com
- **Michael Campion Miller**
  mmiller@steptoe.com,pparker@steptoe.com,cjenkins@steptoe.com
- **Mark Tamerlane Millkey**
  mmillkey@rgrdlaw.com,e_file_ny@rgrdlaw.com
- **Beth Mueller**
  beth.mueller@kirkland.com
- **William H. Narwold**
  bnarwold@motleyrice.com,vlepine@motleyrice.com,ajanelle@motleyrice.com
- **Shawn Patrick Naunton**
  snaunton@zuckerman.com,jchen@zuckerman.com
- **Gregory Mark Nespole**
  nespole@whafh.com
- **Jonathan Ohring**
  johring@milbank.com,ggreen@milbank.com
- **Bradley E Oppenheimer**
  boppenheimer@khhte.com,ecf-780f0d54d6a1@ecf.pacerpro.com,gfording@khhte.com
- **Jason Parish**
  jason.parish@kirkland.com
- **Martin L. Perschetz**
  martin.perschetz@srz.com,evan.melluzzo@srz.com,ecf-b8858018ae32@ecf.pacerpro.com,ecf-1822127e5d6b@ecf.pacerpro.com
- **Guy Petrillo**
  gpetrillo@pkblp.com,bryan.block@dechert.com,guy.petrillo@usdoj.gov
- **Ashley M. Price**
  APrice@rgrdlaw.com
- **Fei-Lu Qian**
  fqian@wolfpepper.com
- **Leah Margaret Quadrino**
  lquadrino@steptoe.com,pparker@steptoe.com
- **Daniel Brett Rehns**
  drehns@hrsclaw.com
- **Julie Goldsmith Reiser**
  jreiser@cohenmilstein.com
- **Lorin L. Reisner**
  LReisner@paulweiss.com,mao_fednational@paulweiss.com
- **Joseph F. Rice**
  jrice@motleyrice.com
- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com,karenc@rgrdlaw.com,jcaringal@rgrdlaw.com
- **Lara Elizabeth Romansic**
  lromansic@steptoe.com
- **Laurence M. Rosen**
  lrosen@rosenlegal.com
- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Robert M. Rothman**
  rrothman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Peter George Safirstein**
  psafirstein@safirsteinmetcalf.com,sfeerick@safirsteinmetcalf.com
- **Michael Gerard Scavelli**
  mscavelli@steptoe.com,pparker@steptoe.com,cjenkins@steptoe.com
- **Jed Mastren Schwartz**
  jschwartz@milbank.com,lknoke@milbank.com,ggreen@milbank.com,calipio@milbank.com
- **Joseph R. Seidman**
  seidman@bernlieb.com
- **Jonathan Lucas Shapiro**
  jshapiro@ebglaw.com,nyma@ebglaw.com
- **Jessica T. Shinnefield**
  jshinnefield@rgrdlaw.com
- **Thomas Michael Skelton**
  tskelton@lowey.com
- **Richard William Slack**
  richard.slack@weil.com,MCO.ECF@weil.com,nymao@ecf.pacerpro.com
- **Patrick C Smith**
  psmith@dehay.com
- **Audra Jan Soloway**
  asoloway@paulweiss.com,mao_fednational@paulweiss.com
- **Gary Stein**
  gary.stein@srz.com,ecf-8c0249caecd6@ecf.pacerpro.com,courtfilings@srz.com,evan.melluzzo@srz.com,ecf-1822127e5d6b@ecf.pacerpro.com
- **Michael Howard Steinberg**
  steinbergm@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Michael Walter Stocker**
  mstocker@labaton.com,electroniccasefiling@labaton.com

- **William Taylor**
  wtaylor@zuckerman.com

- **Steven Jeffrey Toll**
  stoll@cohenmilstein.com,efilings@cohenmilstein.com

- **Matthew Tracy**
  tracy.m@wsllp.com

- **Anil Karim Vassanji**
  vassanjia@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Reid Weingarten**
  rweingarten@steptoe.com

- **Joseph Harry Weiss**
  jweiss@weisslawllp.com,infony@weisslawllp.com,exec@weisslawllp.com

- **Theodore Von Wells , Jr**
  twells@paulweiss.com,mao_fednational@paulweiss.com

- **Tamar Schwartz Wise**
  twise@cozen.com,gburwa@cozen.com

- **Debra J. Wyman**
  debraw@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Genevieve Graeme York-Erwin**
  YorkErwinG@lanepowell.com

- **Michael B. de Leeuw**
  mdeleeuw@cozen.com,gburwa@cozen.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Ar Capital LLC
,

David          C. Walton
Robbins Geller Rudman & Dowd LLP (SANDIEGO)
655 West Broadway
Suite 1900
San Diego, CA 92101